**MISSISSIPPI POWER & LIGHT COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 72–1003.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1973.

Richard M. Merriman, Harry A. Poth, Jr., Washington, D. C., Sherwood W. Wise and Richard B. Wilson, Jr., Jackson, Miss., for petitioner.

Gordon Gooch, Leo E. Forquer, Gen. Counsel, J. Richard Tiano, and George W. McHenry, Jr., First Asst. Sols., F.P. C., Washington, D. C., for respondent.

---

1. 5 Cir. 1973, 476 F.2d 121.

William B. Cassin, Houston, Tex., for United Gas Pipe Line.

Leon M. Payne, Houston, Tex., and W. DeVier Pierson, Washington, D. C., for United Gas, Inc.

Christopher T. Boland, Washington, D. C., and Robert T. Koch, Owensboro, Ky., for Texas Gas Transmission.

Peter H. Schiff, Gen. Counsel, P.S.C. for N.Y., Albany, N. Y., and Richard A. Solomon, Washington, D. C., for Public Service Comm. of N. Y.

Eaton A. Lang, Jr., Gulfport, Miss., and A. Edward Grashof, New York City, for Miss. Power Co.

Harry L. Albrecht, Birmingham, Ala., for Southern Natural Gas.

Thomas M. Knebel, Washington, D. C., for Willmut Gas & Oil Co.

J. Evans Attwell and Jack D. Head, Houston, Tex., for Texas Eastern Transmission.

Howard E. Wahrenbrock, Washington, D. C., and John M. Kuykendall, Jr., Jackson, Miss., for Miss. Valley Gas Co., and others.

William W. Bedwell, John J. Mullally, Washington, D. C., and James H. Wuller, St. Louis, Mo., for Miss. River Transmission Corp.

Clarence H. Ross, and Raymond J. Petersen, Chicago, Ill., for Natural Gas Pipeline of America.

Arnold D. Berkeley, Washington, D. C., and Fred G. Benton, Sr., Baton Rouge, La., for State of Louisiana and others.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co.

Dan A. Bruce, Thomas G. Johnson and William G. Riddoch, Houston, Tex., for Shell Oil.

Richard W. Duesenberg, and Dwight W. Miller, St. Louis, Mo., for Monsanto Co.

John T. Miller, Jr., Washington, D. C., for Monsanto & Texas Gulf Sulphur.

George W. Hugo, Houston, Tex., for Texas Gulf Sulphur.

John S. Schmid, New York City, for Boston Gas Co., and others.

Before JOHN R. BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This case is one of a group arising from the adoption by the Federal Power Commission of "curtailment plans" filed by United Gas Pipe Line Company. These curtailment plans were the outgrowth of an order promulgated by the FPC and were aimed at serving the public interest by establishing a rational scheme of allocation of available natural gas in light of the current, somewhat critical, shortage of this much-used fuel. Due to this shortage, pipeline companies found that they would not be able to meet all of their current contractual obligations for delivery of gas. At present, the FPC has not finally approved any of the curtailment plans in question. It has, however, issued two orders, Opinions 606 and 606A, which are reviewable and are now challenged by numerous parties on several grounds before this court. Each of the contentions raised by this petitioner will be considered separately below.

### FPC Jurisdiction to Enter Curtailment Orders Affecting Direct Sale Customers

At the time this action was initially filed with this court, we had previously held in Louisiana Power & Light Company v. United Gas Pipe Line Company, 5 Cir. 1972, 456 F.2d 326, that the Commission did not have authority under the Natural Gas Act to order curtailment of sales to direct sale customers. In Federal Power Commission v. Louisiana Power & Light Company, 1972, 406 U.S. 621, 92 S.Ct. 1827, 32 L.Ed.2d 369, the United States Supreme Court reversed that determination by this circuit and held that the Commission was authorized to entertain curtailment plans with regard to both direct sales and sales for resale. Therefore, this opinion by the Supreme Court has conclusively settled this first

issue raised by this petitioner and the Commission's jurisdiction is no longer subject to challenge on this basis.

### Opinions 606 and 606A and Damage Suits for Contract Breach Growing Out of Curtailment

Petitioner here, as have the petitioners in several other of the cases arising from this curtailment situation, objects to language in Opinions 606 and 606A issued by the Federal Power Commission on October 5, 1971, and December 3, 1971, which indicated that the adoption of a curtailment plan by the Commission pursuant to its procedures would serve as an "absolute defense" to any private contract actions against the pipeline for damages growing out of the curtailment. This court has today issued a full opinion on this point in International Paper Company v. Federal Power Commission[1] and no purpose would be served by fully restating the result reached in that case here. Therefore we adopt as part of this opinion the holding of International Paper Company v. Federal Power Commission, *supra,* with regard to the effect of Opinions 606 and 606A on possible suits for breach of contract growing out of any curtailment plan which is ultimately adopted.

### Opinions 606 and 606A and Substitute Fuel Clauses

Petitioner Mississippi Power & Light has a contract with United Gas Pipe Line Company which contains a "substitute fuel clause." For this reason, this petitioner objects to those parts of Opinions 606 and 606A which indicate that such clauses are unenforceable. As we did with the damage suit issue, we fully treated this contention in our opinion issued today in International Paper Company v. Federal Power Commission, *supra,* and herewith adopt the holding of that case on this issue as part of this opinion.

The orders of the FPC are affirmed in part and remanded in part.